IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

BREW CITY TOWING, LLC,
4831 W National Ave
Milwaukee, WI 53214

and

NIETZCHE CAMARENO
4831 W National Ave
Milwaukee, WI 53214

                Plaintiffs,

v.                                                   Case No. 21-cv-1049

CITY OF MILWAUKEE
200 East Wells Street
Milwaukee, WI 53202

                Defendant.

## COMPLAINT

**NOW COMES** Plaintiffs, Brew City Towing, LLC, and Nietzche Camareno (the "Plaintiffs") through their attorneys, OVB Law & Consulting, S.C., hereby alleges as follows:

## THE PARTIES

1. Plaintiff Brew City Towing, LLC, is, and at all times mentioned was, a Wisconsin limited liability corporation with its principal place of business at 4831 W National Ave, Milwaukee, WI 53214.

2. Plaintiff Nietzche Camareno is the license agent, owner and operator of Brew City Towing, LLC, located at 4831 W National Ave, Milwaukee, WI 53214.

3. Defendant City of Milwaukee (the "City") is, and at all times mentioned was, a municipal corporation organized and existing under the Constitution and laws of Wisconsin with

1

its principal office at 200 East Wells Street, Milwaukee, WI 53202.

## JURISDICTION AND VENUE

4. This action arises under the laws and Constitution of the United States, specifically, the Fourth Amendment and Fourteenth Amendments, and involves violations of federal law, actionable pursuant to 42 U.S.C. § 1983.

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as this is a civil action arising under the Constitution of the United States and under 42 U.S.C. § 1983.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as all involved parties are domiciled within the State of Wisconsin and within this District.

## FACTUAL BACKGROUND

7. Plaintiffs are engaged in the business of towing vehicles within the City of Milwaukee and have been in operation since September 2017.

8. Pursuant to the City of Milwaukee ordinances, Defendant requires that Plaintiffs obtain and maintain a business license issued by the City in order to operate its business as a towing company in the City of Milwaukee.

9. Plaintiffs earn their revenue primarily through towing, scrapping, and recycling vehicles.

10. As part of the conduct of its business, Plaintiffs obtain and maintain receipts for every transaction which it considers to be a confidential business record, and trade secret. This information contains sensitive information regarding Plaintiffs' business revenue, customer information, and other pertinent information.

11. Plaintiffs have a proprietary interest in their business licenses and business records and trade secrets.

12. On November 5, 2019, Defendant enacted an ordinance entitled Section 93-47-2-h of

the Milwaukee City Ordinances (hereinafter referred to as the ("Reporting Ordinance"), providing as follows: "For every vehicle non-consensually towed for which the towing business receives a tow reference number, not including a vehicle towed as part of a repossession conducted under s. 425.205 Wis. Stats., the towing business shall provide the city with an electronic, itemized receipt of the transaction, including any special equipment used for the tow and the associated cost, within 60 days of the tow."

13. A copy of Chapter 93 of the Milwaukee City Ordinance is attached as Exhibit A and incorporated by reference (collectively referred herein as the "Towing Ordinances").

14. Under the Reporting Ordinance, Defendant requires that Plaintiffs routinely turn over their confidential and sensitive business information, sensitive information of its customers, and their trade secrets.

15. Further, the Reporting Ordinance requires that every transaction engaged by Plaintiffs be kept and made available to Defendant (its chief of police, or the chief's designee).

16. Since its enactment, the Reporting Ordinance has been, and now is, in full force and effect and is enforced by Defendant.

17. Since the enactment of the Reporting Ordinance, Plaintiffs have been forced to incur substantial cost and continues to incur substantial cost to comply with the Reporting Ordinance.

18. Since the enactment of the Reporting Ordinance, Plaintiffs have been informed by Defendant, through its Department of Public Works, that Plaintiffs and other similarly situated towing companies must provide itemized receipts for all private property tows and that the information collected will be shared with the City of Milwaukee License Committee and taken into consideration for the issuance, renewal, or denial of towing licenses in the City of Milwaukee. (See Exhibit B, which is hereby incorporated).

19. Defendant, however, does not specify how a towing company's sensitive business

records, confidential information, and trade secrets collected under the Reporting Ordinance will be used in making potentially adverse determinations to the towing company's licenses.

20. The Reporting Ordinance requires strict compliance. If Plaintiffs or any other similarly situated towing companies fail to comply with the Reporting Ordinance, they would be immediately subject to severe penalties, including both monetary and criminal penalties.

21. There is no mechanism under the Reporting Ordinance nor the Towing Ordinance which provides Plaintiffs an opportunity to seek precompliance review before a neutral decisionmaker regarding the validity of each disclosure of proprietary and confidential business information.

## CLAIM FOR RELIEF

### Violations of 42 U.S.C. § 1983

Plaintiffs incorporate by reference the allegations above as if fully set forth herein.

22. Since bringing this suit, Defendant has enforced and threatened to enforce the Reporting Ordinance by requiring that Plaintiffs' private business records be turned over.

23. Further, in enforcing the Reporting Ordinance, Defendant has threatened to use the information gathered or lack thereof to affect the business licenses of Plaintiffs and other towing companies that operate within the city of Milwaukee. In doing so, Defendant has unreasonably interfered with the Plaintiffs' operation of their towing business.

24. The Reporting Ordinance does not give fair notice to Plaintiff, or any towing company for that matter, as to the practice to be avoided in that Ordinance, nor does it give fair notice of what could lead to an adverse impact on their business licenses or how the private business records sought under the Reporting Ordinance are to be used.

25. The Reporting Ordinances and overall scheme of the Towing Ordinances, both facially and as applied to Plaintiffs by Defendant, authorizes a warrantless inspection by

4

Defendant of a towing company's private records.

26. Plaintiff's towing industry is not a closely regulated industry.

27. There is no substantial government interest or special need for the basis of the Reporting Ordinance.

28. The warrantless inspection scheme under the Reporting Ordinance is not necessary to further the objectives of any bona-fide regulatory scheme.

29. The discretion of Defendant as to the use, time, place, and scope of the warrantless inspection scheme is not limited in any manner.

30. The Reporting Ordinance does not provide Plaintiff, nor other similarly situated towing companies, any opportunity for precompliance review before a neutral decisionmaker.

31. The Reporting Ordinance authorizes an unreasonable warrantless search in violation of the Fourth Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment of the United States Constitution.

32. By enforcing and attempting to enforce the Reporting Ordinance against Plaintiffs, Defendant violates and continues to violate the constitutional and civil rights of Plaintiffs, in particular, their right under the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures of their person or property, including confidential business information and trade secrets.

33. Further, Defendant, through its actions described herein, has violated and continues to violate other constitutional and civil rights of Plaintiffs, in particular, Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution for the Reporting Ordinance being unconstitutionally vague.

34. In doing all of the things herein mentioned, Defendant acted and continues to act under the color of the statues, regulations, customs and usage of the City of Milwaukee and the

State of Wisconsin for purposes of state action under 42 U.S.C. § 1983.

35. Defendant, in engaging in the above-described conduct, is liable as it acted according to official policy, custom and practice of the City.

36. As a proximate result of the foregoing acts of Defendant, Plaintiffs have incurred and continues to suffer damages as a result of the City's violations of its rights in an amount to be determined at trial.

## Request for Relief

WHEREFORE, Plaintiffs request a declaratory judgment as follows:

1. Declaration that the Reporting Ordinance is unconstitutional, invalid, and void on its face or as applied to Plaintiffs;
2. Temporary and permanent injunctions baring the enforcement of the Reporting Ordinance;
3. Awarding Plaintiffs' attorneys' fees;
4. Awarding costs incurred; and
5. Granting such other and further relief as the Court deems just and proper.

Dated at Milwaukee, Wisconsin on this 9th day of September 2021.

**OVB Law & Consulting, S.C.**
*Attorneys for Plaintiffs*

*Electronically signed by:*
s/Megan Mirka
State Bar No. 1116377
s/ O. Emil Ovbiagele
State Bar No. 1089677

839 N. Jefferson Street, Suite 502
Milwaukee, WI 53202
(414) 585-0588 (office)
(414) 255-3031 (fax)
megan@ovblaw.com
emil@ovblaw.com