UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BREW CITY TOWING LLC,
and NIETZCHE CAMARENO,

        Plaintiffs,

v.

        Case No. 21-cv-1049-pp

CITY OF MILWAUKEE,

        Defendant.

---

## ORDER DISMISSING CASE AS MOOT

On September 9, 2021, the plaintiffs filed a complaint alleging that the defendant violated 42 U.S.C. §1983 by enforcing a city ordinance against them in violation of the United States Constitution. Dkt. No. 1. On January 18, 2023 the defendant filed a motion for summary judgment, dkt. no. 22, and the plaintiffs filed their own summary judgment motion on January 20, 2023, dkt. no. 30. After the motions had been fully briefed but before the court had ruled, the defendant filed a suggestion of mootness, arguing that the Wisconsin Court of Appeals had struck down the city ordinance at issue as preempted by state law, mooting this federal case. Dkt. No. 46. The plaintiffs filed a brief in opposition. Dkt. No. 47. This case has been mooted by the Wisconsin Court of Appeals' decision; the court will deny the parties' motions for summary judgment and dismiss the case as moot.

1

I.  **Background**

The plaintiffs are a towing company and its founder. Dkt. No. 38 at ¶1. They have operated in the city of Milwaukee since September 2017. Id. at ¶3. In November 2019, the city of Milwaukee enacted an ordinance stating the following:

> For every vehicle non-consensually towed for which the towing business receives a tow reference number, not including a vehicle towed as part of a repossession conducted under s. 425.205 Wis. Stats., the towing business shall provide the city with an electronic, itemized receipt of the transaction, including any special equipment used for the tow and the associated cost, within 60 days of the tow.

Id. at ¶12 (quoting Milwaukee, Wis. Code §93-47-2-h (2019) ("ordinance")). The city adopted this ordinance "in response to complaints of billing abuses by towing operators performing non-consensual tows" in the city. Id. at ¶13 (quoting Dkt. No. 33-2 at 7). Under the ordinance, the city collected certain information from towing companies within sixty days of each non-consensual tow, including the total towing bill and the itemized fees associated with the tow. Id. at ¶14 (citing Dkt. No. 33-2 at 3–4). A towing company that did not comply with the ordinance risked monetary penalties of up to $1,000 for a first offense and $2,000 for each subsequent offense. Id. at ¶23 (citing Milwaukee, Wis. Code §93-7-1).

There also is a statewide law in Wisconsin regulating non-consensual towing. Dkt. No. 40 at ¶¶1–2 (citing Wis. Stat. §349.13(3m)). The state statute and its implementing regulations set out operating requirements for towing companies in the state, including limits on applicable fees and requirements

2

for notice to the owner and law enforcement prior to a non-consensual tow. Id. at ¶¶2–6 (citing Wis. Stat. §349.13(3m); Wis. Admin. Code TRANS §319.03).

As a towing company operating in Milwaukee, the plaintiffs were subject to the ordinance. Dkt. No. 38 at ¶32 (citing Dkt. No. 33-1 at 4, Tr. pp. 6–9). The plaintiffs argue that the ordinance required them to disclose confidential business information to the city and potentially to the public should a member of the public make a public records request to the city. Dkt. No. 31 at 4–5. The plaintiffs contend that the records collected under the ordinance were shared with the city's licensing committee and used in making license renewal determinations, though the defendant disputes this. Id. at 5–6; Dkt. No. 38 at ¶18.

On September 9, 2021, the plaintiffs filed the complaint in this case, alleging that the city's enforcement of the ordinance violated 42 U.S.C. §1983. Dkt. No. 1. The plaintiffs alleged that the ordinance constitutes an unreasonable search and seizure of its confidential business information in violation of the Fourth Amendment to the United States Constitution. Id. at ¶32. The plaintiffs also alleged that the ordinance violates the Due Process Clause of the Fourteenth Amendment because it is unconstitutionally vague. Id. at ¶33. In their prayer for relief, the plaintiffs requested a declaratory judgment "that the Reporting Ordinance is unconstitutional, invalid, and void on its face or as applied to Plaintiffs," a temporary and permanent injunction barring the city from enforcing the ordinance, and costs and attorneys' fees. Id. at 6. The complaint did not request damages. See id.

## II. Motions

### A. Motions for Summary Judgment (Dkt. Nos. 22, 30)

On January 18, 2023, the defendant moved for summary judgment. Dkt. No. 22. The plaintiffs filed a cross-motion for summary judgment two days later. Dkt. No. 30. The plaintiffs again argued that the ordinance is unconstitutionally vague and constitutes an unlawful warrantless search and seizure of its business records. Dkt. No. 31 at 20. The defendant argued that the ordinance does not constitute a "search" under the Fourth Amendment, that towing companies do not have a reasonable expectation of privacy in their business records and that the ordinance is clear and unambiguous rather than vague. Dkt. No. 23 at 5–9.

### B. Suggestion of Mootness (Dkt. No. 46)

Approximately two and a half months after the summary judgment motions had been fully briefed, the Wisconsin Court of Appeals addressed the validity of the ordinance. Dkt. No. 46 at 1 (citing Always Towing & Recovery, Inc. v. City of Milwaukee, 986 N.W.2d 567 (Wis. Ct. App. 2023), review denied, 3 N.W.3d 496 (Wis. 2023)). The appellate court considered whether the ordinance was preempted by state law. Always Towing, 986 N.W.2d at *1, ¶1. The court determined that the ordinance "logically conflicts" with and is preempted by Wis. Stat. §349.13(3m)(d)2. Id. at *5, ¶21. The court stated in relevant part:

> [B]oth the statute and the reporting ordinance provide that the towing company must report information related to a vehicle towed from private property and without the owner's consent. In the case of the statute, the towing company provides the information to local

4

Case 2:21-cv-01049-PP   Filed 09/18/24   Page 4 of 12   Document 53

> law enforcement, see Wis. Stat. §349.13(3m)(d)2., and in the case of the reporting ordinance, the towing company provides the information to the City, see Milwaukee, Wis., Code §93-47-2-h. . . . [T]he reporting ordinance operates in the same space covered by the statute and requires the towing company to report information after a tow has been complete. The statute and the ordinance, however, indicate that the towing company must provide different information and to different authorities. They are, therefore, in logical conflict with one another given that they operate in the same space, but provide opposing directions as to what information to provide and where to provide it. . . . Accordingly, we conclude that the reporting ordinance is thus preempted and invalid.

Id. at *5, ¶22 (citations omitted). The Wisconsin Supreme Court denied review of the appellate court's decision. Dkt. No. 46-2.

The defendant argues that the state appellate court's decision renders this case moot because the defendant cannot enforce the ordinance as a matter of law. Dkt. No. 46 at 2. The plaintiffs oppose the defendant's suggestion of mootness. Dkt. No. 47. They concede that the city is "unable to lawfully enforce the Reporting Ordinance" because of the appellate court's decision. Id. at 1. The plaintiffs argue, however, that there are live controversies remaining in the case because the defendant has retained "years' worth of the Plaintiffs' business tow records, records which Plaintiffs consider as its confidential and sensitive business information." Id. at 2. The plaintiffs assert that "Defendant's continual access to the information it obtained through past enforcement of the Reporting Ordinance and Plaintiffs' damages and other requested relief from past enforcement of the Reporting Ordinance" are issues that are not rendered moot by the state court of appeals' decision. Id. at 3.

The plaintiffs assert that the defendant's possession of the "fruits" of its unlawful search and seizure of the plaintiffs' business records is a live

5

controversy. Id. (citing Leaders of a Beautiful Struggle v. Baltimore Police Department, 2 F.4th 330 (4th Cir. 2021)). They argue that in Leaders, a police department stopped its aerial surveillance program after the plaintiffs challenged the program under the Fourth Amendment. Id. at 3–4 (citing Leaders, 2 F.4th at 335). According to the plaintiffs, the Fourth Circuit found that the case was not moot because the police department retained access to the information it gathered via the surveillance program. Id. at 4 (citing Leaders, 2 F.4th at 339). The plaintiffs argue that the same result should follow here, because the Wisconsin Court of Appeals did not enjoin the defendant from using information gathered under the ordinance or order that the defendant destroy that information. Id.

The plaintiffs also argue that the issue of whether the defendant's past enforcement of the ordinance was unconstitutional remains live because the plaintiffs seek declaratory relief and damages for that conduct. Id. at 4–5. They argue that "federal courts exist to resolve situations such as the issues present in this case, i.e., to review governmental conduct post-mortem and determine whether there was a constitutional violation, and if found, to award appropriate relief." Id. at 5.

The defendant did not file a reply in support of its suggestion of mootness.

### III. Legal Standard

"A question of mootness arises when . . . a challenged ordinance is repealed during the pendency of litigation, and a plaintiff seeks only

prospective relief." Fed'n of Advert. Indus. Representatives, Inc. v. City of Chicago, 326 F.3d 924, 929 (7th Cir. 2003) (citing Rembert v. Sheahan, 62 F.3d 937, 940 (7th Cir.1995)). A case becomes moot "'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). "Mootness strips a federal court of subject-matter jurisdiction." Id. at 815 (citing DJL Farm LLC v. EPA, 813 F.3d 1048, 1050 (7th Cir. 2016)). This is because "[a] case that becomes moot at any point during the proceedings is 'no longer a "Case" or "Controversy" for purposes of Article III.'" United States v. Sanchez-Gomez, 584 U.S. 381, 385–86 (2018) (quoting Already, 568 U.S. at 91).

"In an action seeking only injunctive relief, [the live case-or-controversy] requirement ordinarily means that, once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot." Brown v. Bartholomew Consol. Sch. Corp., 442 F.3d 588, 596 (7th Cir. 2006). The same is true for an action seeking a declaratory judgment. "[T]he 'case or controversy' requirement applies to declaratory judgments, just as it applies to every other kind of litigation in federal court." St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 628 (7th Cir. 2007) (holding that the plaintiff's claims were moot where it sought only a declaratory judgment that a challenged action violated the Constitution); Tobin for Governor v. Ill. State Bd. of Elections, 268 F.3d 517, 528 (7th Cir. 2001) (a claim for declaratory judgment was moot where "relief. . . would have no impact on the parties to th[e] suit").

7

**IV. Analysis**

In this federal lawsuit, the plaintiffs seek to bar the defendant from enforcing the ordinance. Dkt. No. 1 at 6. Since they filed their federal compliant, however, the Wisconsin Court of Appeals has provided that relief. Always Towing, 986 N.W.2d at *5, ¶22 (holding the ordinance is "preempted and invalid"). The defendant maintains that since the appellate court's ruling in Always Towing, the "Reporting Ordinance cannot be enforced by Defendant as a matter of State law." Dkt. No. 46 at 2. The plaintiff concedes as much in its opposition brief. Dkt. No. 47 at 1 ("Defendant [is] unable to lawfully enforce the Reporting Ordinance.") In a similar case where a challenged law was repealed while the case was pending, the Seventh Circuit found that the plaintiff's claim for an injunction barring enforcement of the law was rendered moot. Fed'n of Advert. Indus. Representatives, 326 F.3d at 930. Similarly, where the defendant has ceased the challenged conduct, the Seventh Circuit has held that there is no threat of injury to the plaintiff sufficient to justify an injunction.[1] Hummel v. St. Joseph Cnty. Bd. of Comm'rs, 817 F.3d 1010, 1022–23 (7th Cir. 2016) (county's installation of restrooms accessible via wheelchair was sufficient to moot the plaintiff's claim for an injunction seeking

---

[1] Although the parties did not raise the issue of standing in their briefing, the court is concerned that the state appellate court's decision deprives the plaintiffs of standing because they no longer face a threat of injury that may be redressed by a favorable decision. Eagle Books, Inc. v. Difanis, 873 F.2d 1040, 1042 (7th Cir. 1989) (finding the plaintiff lacked standing after "the statute from which Eagle Books was seeking relief has been held unconstitutional by the state supreme court" such that "Eagle Books is no longer under threat of injury").

the same relief). The plaintiffs have not argued—and cannot argue—that the defendant will continue to unlawfully enforce the ordinance, and there is no evidence in the record showing that it will try to do so. Because the ordinance has been rendered unenforceable by the Wisconsin Court of Appeals' decision, the plaintiffs' claim for an injunction barring enforcement of the ordinance is moot.

Perhaps anticipating this outcome, in their opposition brief the plaintiffs attempt to raise claims that they did not allege in the complaint. The plaintiffs argue that there are "other issues" that remain "live" in the case, "includ[ing] Defendant's continual access to the information it obtained through past enforcement of the Reporting Ordinance and Plaintiffs' damages and other requested relief from past enforcement of the Reporting Ordinance." Dkt. No. 47 at 3. The complaint did not request an injunction ordering the defendant to return the information it obtained under the Reporting Ordinance. See Dkt. No. 1 at 6. The plaintiffs requested only an injunction "baring [sic] the enforcement of the Reporting Ordinance." Id. The plaintiffs could have requested an injunction ordering the return or destruction of their business records, but they did not do so. The plaintiffs cannot raise by means of a brief in opposition to a suggestion of mootness a request for additional relief that was not contained in their complaint, simply to avoid a finding of mootness. See Arizonans for Off. Eng. v. Arizona, 520 U.S. 43, 71 (1997) ("[A] claim for nominal damages, extracted late in the day from Yniguez's general prayer for relief and asserted solely to avoid otherwise certain mootness, bore close

9

inspection . . . . On such inspection, the Ninth Circuit might have perceived that Yniguez's plea for nominal damages could not genuinely revive the case."); Fox v. Board of Trustees of State Univ. of N.Y., 42 F.3d 135, 141–142 (2d Cir. 1994) (rejecting claim for damages raised to save case from mootness years after litigation began).

The plaintiffs' citation to the Fourth Circuit's decision in Leaders, 2 F.4th 330, does not help them. The Fourth Circuit explained that "Plaintiffs *also sought to enjoin Defendants' access* to any data collected by the AIR program." Id. at 333 (emphasis added). The complaint in Leaders specifically requested to "enjoin the Defendants from operating the AIR program, 'including collecting or accessing any images through the program.'" Id. at 335. That is why the case was not mooted by the cessation of the surveillance program. The plaintiffs here did not make a similar demand in their complaint. See Dkt. No. 1 at 6.

The plaintiffs argue that the case is not moot because they have a live claim for damages. Dkt. No. 47 at 2. The complaint, however, makes no mention of damages; the first time the plaintiffs mention damages is in their brief in opposition to the suggestion of mootness. The plaintiffs did not raise the issue of damages in their summary judgment briefing. See Dkt. Nos. 31, 39, 44. It has been over a year since the defendant filed the suggestion of mootness; during that time the plaintiffs have not sought to amend their complaint to add a damages claim. The plaintiffs' attempt to make a damages claim through a brief in opposition to a suggestion of mootness cannot save the case from mootness. See Brown, 442 F.3d at 598 (holding that claim for

10

compensatory education raised in appellate briefing was "deemed waived and cannot supply the residual live controversy necessary to prevent their entire claim from being moot" and collecting cases holding the same); see also Paul Davis Restoration, Inc. v. Everett, Case No. 14-C-1534, 2015 WL 3454196, at *2 (E.D. Wis. June 1, 2015) (complaint seeking injunctive relief that briefly mentioned the plaintiff would suffer "pecuniary loss" if the conduct was not enjoined was insufficient to read a claim for damages into the complaint).

The lack of a live damages claim also renders the plaintiffs' claim for a declaratory judgment moot. Crue v. Aiken, 370 F.3d 668, 677–78 (7th Cir. 2004) ("When a claim for injunctive relief is barred but a claim for damages remains, a declaratory judgment as a predicate to a damages award can survive."); Stevens v. Hous. Auth. of S. Bend, 720 F. Supp. 2d 1013, 1025 (N.D. Ind. 2010), aff'd *sub nom.* Stevens v. Hous. Auth. of S. Bend, Ind., 663 F.3d 300 (7th Cir. 2011) ("[C]laims for declaratory judgment should be dismissed for mootness unless a claim for damages remains."). The court cannot award a declaratory judgment because there is no claim for damages.

Because the plaintiffs have received the relief they requested in the federal complaint and no live case or controversy remains for this federal court to resolve, the court must dismiss the case as moot.

## IV. Conclusion

The court **GRANTS** the defendant's motion for suggestion of mootness. Dkt. No. 46.

The court **DENIES AS MOOT** the defendant's motion for summary judgment. Dkt. No. 22.

The court **DENIES AS MOOT** the plaintiffs' motion for summary judgment. Dkt. No. 30.

The court **ORDERS** that the case is **DISMISSED AS MOOT**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 18th day of September, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**